[No. 2418. Decided October 26, 1898.]

Nick Rotting, *Respondent,* v. Jacob Cleman et al., Defendants, J. H. Ramm, *Appellant.*

PRINCIPAL AND SURETY — NOTICE TO SUE — WAIVER — PLEADING.

Where the answer of defendant in an action on a promissory note sets up the defense that he was a surety and that plaintiff failed, on his request, to sue the principal, a reply that after the alleged notice to sue was given by the surety, the latter instructed the plaintiff not to sue upon the note, is sufficient to warrant proof of the waiver.

Unreasonable delay in suing the principal at the request of a surety is not shown, where notice to sue was given some time in February and a waiver of the notice given on the third day of the succeeding month.

Appeal from Superior Court, Kittitas County.—Hon.
Carroll B. Graves, Judge. Affirmed.

*E. Pruyn,* for appellant.
*Mires & Warner,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—This was an action upon a promissory
note given by several parties. The appellant resisted pay-
ment on the ground that he was only a surety upon the
note, and that, after the same became due, he had notified
plaintiff thereof and requested him to institute forthwith
an action thereon. The reply contained a denial of the
giving of such notice, and also the further allegation:

" That after the alleged notice to sue was given by the
said defendant Ramm, to the said plaintiff Rotting, de-
fendant Ramm instructed said plaintiff not to sue upon
said note, and said defendant Ramm also instructed the
firm of H. Remke and Brother, who had and held the said
note for collection, not to sue upon the said note, long
after the alleged notice to plaintiff to sue was given."

The trial resulted in a judgment for the plaintiff, and
defendant Ramm appealed. He first contends that the
matter above set forth in the reply was insufficient to con-
stitute a defense or waiver of the notice pleaded in the
answer, but we think the allegation was sufficient to war-
rant the proof.

It is next contended that an unreasonable time had
elapsed after the appellant gave the notice to sue, whereby
he was released, and that no further liability could be in-
curred by him without a new consideration. Although not
specifically so stated in the appellant's brief, we presume
this has reference to the time between the giving of the
notice to sue and the time of its alleged waiver. But, in
any event, there is no foundation for error thereon in the

record, as it does not appear at what time the notice to sue was given, other than it was given on the —— day of February, 1894. This was so found by the jury in their special findings, and the jury also found that on the 3d day of March following the appellant agreed with the plaintiff that suit should not be brought at once, and consented that further time might be given the principal defendant. There was no unreasonable delay shown here.

Affirmed.

GORDON, ANDERS, DUNBAR and REAVIS, JJ., concur.